## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FERNANDO BUSTILLO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 13-1283 (RBW)** |
| | ) | |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **OF JUSTICE** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION

The plaintiff is a federal prisoner at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute").  He challenges the Bureau of Prisons' ("BOP") responses to his requests for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012).  What remains of this case concerns the plaintiff's request for the name of the guard who admitted him to USP Terre Haute on July 23, 2012.  *See* Mar. 23, 2015 Mem. Op. and Order at 7-8, ECF No. 22 (finding genuine dispute raised as to the BOP's interpretation of FOIA Request Number 2013-05919).   The BOP has reprocessed that request and has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  *See* Defendants' Motion for Summary Judgment, ECF No. 24.  As explained below, the BOP's release of the requested information entitles it to summary judgment on the remaining issue in this case.

In a letter dated May 14, 2015, the BOP informed the plaintiff that in accordance with the Court's March 23 ruling, it "conducted a search for documents containing the names of the staff assigned to receiving and admitting newly arrived inmates at USP Terre Haute on July 23, 2012."  Second Declaration of Kara Christenson ("Second Christenson Decl."), Attachment

("Att.") C, ECF No. 24-2 ("May 14, 2015 letter").  The BOP released five pages of information, *id.*, which "consist[ed] of a one-page Intake Screening Form, a one-page Unit Admission and Orientation Program Checklist, two-pages of Acknowledgment of Inmate Forms, Part 1& 2 and Part 3& 4, and a one-page Basic Safety Regulations Form."  Christenson Decl. ¶ 19.  All but the intake form were released in their entirety.  *Id.*  The BOP redacted information from the one-page intake form under FOIA exemption 7(F), codified in 5 U.S.C. § 552(b), but it informed the plaintiff that he could view that document in its entirety "pursuant to the local access procedures described in Program Statement 1351.05, *Release of Information*."  May 14, 2015 letter at 2.  The BOP further disclosed, "as a matter of agency discretion," two "names of the staff assigned to the USP Receiving and Discharge Unit responsible for processing incoming inmates at USP Terre Haute on July 23, 2012," *id.*, which the Court finds was the very information the plaintiff had requested.

    The plaintiff contends that a genuine issue exists nonetheless because he "is entitled to know the complete name of the abusive guard that admitted him to administrative detention."  Plaintiff's Statement of Disputed Material Facts ¶ 4, ECF No. 36.  But, as the defendants correctly point out, the instant FOIA request does not seek information about administrative detention.  *See* Defendants' Reply in Support of Defendants' Second Motion for Summary Judgment ("Defs.' Reply") at 3, ECF No. 38.  And, while not probative of the issue at hand, the defendants have pointed to documents in the supplemental record showing that the plaintiff "was never placed in administrative segregation on July 23, 2012."  *Id.*; Second Christenson Decl., Att. B ("Inmate History Quarters").   Rather, the defendants note that the plaintiff was "placed into Disciplinary Segregation [on] August 19, 2012."  Defs.' Reply at 4, n.4.  Any request for records pertaining to that placement, however, is beyond the scope of this litigation.

For the foregoing reasons, the Court finds that the defendants have now fully complied with their disclosure obligations under the FOIA and are entitled to judgment as a matter of law.[1]


_____s/_____
Reggie B. Walton
DATE:   March 15, 2016                      United States District Judge

---

[1]   A separate Order accompanies this Memorandum Opinion.